UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELENI TSERPELIS,
Plaintiff,

-v-

DECHERT LLP, *et al.*,
Defendants.

26-CV-7769 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Eleni Tserpelis brings claims of state-law defamation per se against Defendants Dechert LLP, McDermott Will & Schulte LLP, and Michael Sheehan (collectively, "Defendants"). (*See generally* ECF No. 8.) The complaint asserts that diversity jurisdiction exists because "there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000." (*Id.* ¶ 23.) Specifically, the complaint alleges that: (1) Tserpelis is a "resident of the State of New York"; (2) Dechert LLP has its "principal place of business in Philadelphia County, Pennsylvania"; (3) McDermott Will & Schulte LLP has its "principal place of business in Cook County, Illinois"; and (4) Michael Sheehan "is an individual residing in Cook County, Illinois." (*Id.* ¶¶ 11-14.)

The complaint's allegations as to diversity jurisdiction are defective in two respects. First, the allegations that Tserpelis and Sheehan are *residents* of certain states miss the mark. "For diversity purposes, an individual's citizenship is determined by domicile, not residency, and 'allegations of residency alone cannot establish citizenship.'" *Burton v. PGT Trucking, Inc.*, No. 16-CV-9985, 2018 WL 2849721, at *1 n.1 (S.D.N.Y. June 11, 2018) (quoting *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997)). Second, the allegations pertaining to the principal places of business of the two limited liability partnership defendants are also

insufficient. "[F]or the purposes of diversity jurisdiction, a limited liability partnership takes the citizenship of each of its partners." *Darling v. L'Oreal USA Inc.*, No. 26-CV-1627, 2026 WL 2241174, at *1 n.1 (S.D.N.Y. Aug. 4, 2026) (citing *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)). That means that if *one* partner of either limited liability partnership defendant is a citizen of the same state as Tserpelis, this Court will not have diversity jurisdiction.

Accordingly, Tserpelis is directed to file a letter by October 23, 2026, that alleges (1) Tserpelis's domicile; (2) Sheehan's domicile; (3) the citizenship of each partner of Dechert LLP; and (4) the citizenship of each partner of McDermott Will & Schulte LLP. If Tserpelis fails to do so, the Court will *sua sponte* dismiss the action for lack of subject matter jurisdiction.

SO ORDERED.

Dated: October 8, 2026
New York, New York

J. PAUL OETKEN
United States District Judge